IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: ANDREW ROBERT MCLELLAN,** <br><br> *Debtor.* | **Civil Action No. 2:24-cv-05686-JDW** <br><br> BKCY. No. 24–12201–AMC <br><br> Chapter 13 |

## MEMORANDUM

Andrew McLellan appeals from Chief Bankruptcy Judge Ashely Chan's decision to dismiss his bankruptcy petition. Judge Chan had before her ample information to conclude that Mr. McLellan was not eligible for relief, so I will affirm.

## I.   BACKGROUND

The Andrew Robert McLellan Living Estate Trust owns the single-family residence at 4159 White Horse Road, Malvern, Pennsylvania. Mr. McLellan controls the Trust. Two mortgages encumber the property. As of the petition date, Navy Federal Credit Union held a foreclosure judgment equal to $2,472,406.90 and a home equity mortgage of $495,164.14. On June 26, 2024, the Trust filed a Chapter 13 bankruptcy petition.

On September 4, 2024, the Chapter 13 Trustee, Kenneth E. West, moved to dismiss the Chapter 13 petition, arguing that the Trust exceeded the debt limits of 11 U.S.C. § 109(e) and had failed to start plan payments as § 1326(a)(1) requires. After hearing arguments, Judge Chan granted the motion. Mr. McLellan filed this timely appeal. On March 31, 2025, Mr. McLellan sought an emergency stay pending appeal. I ordered

proof of service to all appropriate Parties in the case on the same day, and Mr. McLellan filed an emergency motion for an injunction on April 1, 2025.

## II.   LEGAL STANDARD

This Court has jurisdiction to hear appeals of decisions of the Bankruptcy Court pursuant to 28 U.S.C. § 158. On appeal, a district court reviews the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *See In re Handel*, 570 F.3d 140, 141 (3d Cir. 2009).

## III.   ANALYSIS

Section 109(e) of the Bankruptcy Code governs who can file for Chapter 13 bankruptcy. 11 U.S.C. § 109(e). A debtor qualifies for relief only if he is "an individual with regular income," owes less than $526,700 in unsecured debt, and owes less than $1,580,125 in secured debt at the time of filing. *Id.* Judge Chan dismissed Mr. McLellan's bankruptcy case because the aggregate amount of secured debt exceeds the statutory limit of § 109(e). The record before Judge Chan reveals that Mr. McLellan owes Navy Federal Credit Union more than $2.9 million. Thus, Judge Chan did not err in concluding that Mr. McLellan is ineligible for Chapter 13 relief.

Mr. McLellan does not disagree. Instead, he argues that if he "submit[ted] a new filing in the Court of Bankruptcy for the Eastern District of Pennsylvania through another Chapter, other than 13, one Statutorily fitting/acceptable, the matters at hand … would

remain ...." (ECF No. 8 at 2.) That might be true, but this appeal is not the forum for Mr. McLellan to submit a new petition. He will have to do so in the Bankruptcy Court.

Judge Chan also dismissed the bankruptcy petition because Mr. McLellan failed to commence or continue to make payments pursuant to 11 U.S.C. § 1326(a)(1). Section 1326(a)(1) requires a debtor to start payments to the trustee within thirty days of filing, but Mr. McLellan never made a payment with legal tender. Instead, he sent the Trustee and other creditors a "Bill of Exchange-Time Deposit"—a fabricated bill of exchange that purports to access a nonexistent U.S. Treasury Account. (ECF No. 1 at 23–29.) A review of the document reveals verbose sovereign-citizen-style verbiage that is not legal tender and does not discharge his responsibility to pay his mortgages. *See Swinton v. Walk*, No. 24-cv-4496, 2024 WL 4394738, at *3 (E.D. Pa. Oct. 3, 2024). Because Mr. McLellan failed to "commence or continue" the required payments, the Trustee had cause under §§ 1307(c)(4) and (6) to seek dismissal, and Judge Chan acted within her discretion when she granted that relief.

Finally, Mr. McLellan seeks leave to amend his petition to add what he describes as newly discovered evidence and to add parties who he claims have an interest. It's not entirely clear, but it appears that he is concerned about parties who have an interest based on a securitization of his mortgage. In general, if Mr. McLellan wants to alter the scope of the parties in this case or to present new evidence, he has to do so in the Bankruptcy

Court, not while the case is pending on appeal. But even if I considered the evidence, it would not change the outcome because it does not change the jurisdictional issues.

## IV.   CONCLUSION

Mr. McLellan owed more secured debt than Chapter 13 permits and never made a valid payment to the Trustee. The Bankruptcy Court had cause to dismiss the case and did not abuse its discretion. Therefore, I affirm the dismissal and deny the request for a stay and related injunctive relief as moot. An appropriate order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

May 30, 2025